UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>HAZEL A. BURLEY and SASSY ANNE'S, LLC d/b/a BAGEL FACE BAKERY,<br><br>    Defendants. | Case No. 3:15-cv-1522<br><br>Chief Judge Crenshaw<br><br>Magistrate Judge Newbern |

To:    Chief Judge Waverly D. Crenshaw, Jr.:

## REPORT AND RECOMMENDATION

On December 28, 2015, Plaintiff Jeffrey Anderson filed this action seeking injunctive relief under the Americans with Disabilities Act and its Accessibility Guidelines against Defendants Hazel A. Burley and Sassy Anne's LLC d/b/a Bagel Face Bakery. (Doc. No. 1.) When Anderson filed this action, he was represented by counsel. The case proceeded apace, through initial case management and into discovery. (Doc. No. 24.) In November and December of 2016, the parties indicated to the Court that they were exploring alternative dispute resolution and hoped to resolve this matter independently. (Doc. Nos. 40, 42.)

In January 2017, however, all progress came to a halt. Counsel for Sassy Anne's moved to withdraw. (Doc. No. 45.) Counsel for Anderson moved to withdraw shortly thereafter. (Doc. No. 47.) Both motions were ultimately granted (Doc. Nos. 51, 52). New counsel entered an appearance on behalf of Sassy Anne's. (Doc. No. 55.) The undersigned ordered Anderson to indicate by March 16, 2017, whether he had retained new counsel or would go forward pro se. (Doc. No. 51.) Anderson did not respond.

The undersigned then set a case management conference for April 18, 2017. (Doc. No. 53.) Counsel for Burley and Sassy Anne's appeared; Anderson did not, nor did counsel on his behalf. On April 19, 2017, the undersigned issued an order to show cause by May 17, 2017, why this matter should not be recommended for dismissal for failure to comply with the Court's orders and failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. No. 59.) Anderson has not responded to date.

As the undersigned noted in the order to show cause, it appears that all certified mail sent to Anderson has been returned to the Court as unclaimed. (Doc. Nos. 56, 57, 60.) The undersigned directed that the order to show cause be served by certified mail, regular mail, and email. Although the order served by certified mail was returned as unclaimed (Doc. No. 60), the copies sent by regular mail and email were not. Thus, the undersigned assumes that Anderson has received the show cause order through those delivery methods.

The undersigned is not unsympathetic to the difficulties pro se parties face in navigating federal court litigation. However, Anderson has completely failed to respond to the Court's orders or otherwise to make any appearance in this litigation since his counsel withdrew. The undersigned can only conclude that Anderson has lost interest in this action and no longer wishes to proceed. Accordingly, the undersigned RECOMMENDS that this action be DISMISSED under Federal Rule of Civil Procedure 41(b).

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further

appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 23rd day of May, 2017.

ALISTAIR E. NEWBERN
United States Magistrate Judge